UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA KAVALAUSKAS, as Executor and Trustee of the Lewis W. Muir Revocable Trust; LAURA KAVALAUSKAS; LOREN D. MUIR; HALLIE CORDES; and LEWIS B. MUIR, as Successor-in-Interest of Decedent LEWIS W. MUIR,<br><br>Plaintiff,<br><br>v.<br><br>U.C. DAVIS MEDICAL CENTER; ELIZABETH DAVID, M.D.; PAUL PERRY, M.D.; MEGAN DALY, M.D.,<br><br>Defendants. | No. 2:14-cv-02716-MCE-CKD<br><br>**ORDER CONSOLIDATING RELATED CASES** |
| LAURA KAVALAUSKAS, as Executor and Trustee of the Lewis W. Muir Revocable Trust; LAURA KAVALAUSKAS; LOREN D. MUIR; HALLIE CORDES; and LEWIS B. MUIR, as Successor-in-Interest of Decedent LEWIS W. MUIR<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 2:15-cv-01655-MCE-CKD |

1

By Order dated November 11, 2015, these cases were deemed related in accordance with the provisions of Local Rule 123(a).  After reviewing Objections to the Pretrial Scheduling Order filed on behalf of Defendants The Regents of the University of California (sued herein as U.C. Davis Medical Center) in Case No. 2:14-cv-02716-MCE-CKD, the Court issued an Order to Show Cause on October 3, 2016 as to why that case should not be consolidated with Case No. 15-cv-01655-MCE-CKD.  According to counsel for the Regents, because both cases arise out of the same facts and circumstances, establishing different Scheduling Orders would not be conducive to judicial economy.  The Court's October 3, 2016 advised the parties that in the absence of any objection otherwise by October 14, 2016, the Court would sua sponte order the two cases consolidated.

Federal Rule of Civil Procedure 42(a) provides in pertinent part as follows:

> "when actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

The purpose of consolidation under Rule 42(a), where cases share such common questions of law or fact, is to enhance trial court efficiency by avoiding unnecessary duplication of proceedings and effort.  See, e.g., Enterprise Bank v. Saettele, 21 F.3d 233, 235-36 (8th Cir. 1994); E.E.O.C. v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998).  Consolidation of appropriate cases also guards against the risk of inconsistent adjudications.  E.E.O.C. v. HBE Corp., 135 F.3d at 550-51.

Factually, both cases concern the same facts regarding cancer treatment received by decedent Lewis Muir at the U.C. Davis Medical Center and involve the same wrongful death and survivor claims.  The United States was named in the second lawsuit due to allegations that an active duty United States Air Force Major, acting as a surgeon at the U.C. Davis Medical Center under an agreement with the David Grant Medical Center at Travis AFB, caused the decedent's death.

As indicated above, the Court has already determined that the cases are related in the sense that they involve similar questions of fact and of law. Consolidation may be proper in instances where numerous lawsuits arise from the same common nucleus of operative facts. See Team Enterprises, LLC v. Western Investment Real Estate Trust, 2008 WL 4712759, * 1-2 (E.D. Cal., Oct. 23, 2009) (consolidation appropriate where actions presented similar factual issues). The Court must nonetheless weigh considerations of judicial convenience in this regard against any potential for delay, confusion and/or prejudice caused by consolidation. Southwest Marine, Inc. v. AAA Machine Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989).

No party to either of the two claims has responded to the Court's order to show cause why these cases should not be consolidated. Accordingly, there appears no dispute that consolidation is appropriate.

The Court consequently determines that consolidation will promote clarity, efficiency and the avoidance of confusion and prejudice given the above-enumerated common nucleus of operative facts. Consolidation is a proper exercise of the Court's discretion under those circumstances. See Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990).

Both actions are consequently consolidated for all purposes including trial. The lead case in this consolidated action shall be Kavalauskas, et al. v. U.C. Davis Medical Center, et al., Case No. 2:14-cv-02716-MCE-CKD. All pending dates in both actions are hereby vacated. The parties are directed to submit a new Joint Status Report in the consolidated case, not later than fourteen (14) days after this Order is electronically signed, in accordance with the requirements outlined within the Court's August 4, 2015 Order Requiring Joint Status Report in Case No. 2:14-cv-02716-MCE-CKD.

IT IS SO ORDERED.

Dated:  October 20, 2016

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE